[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 585.]

CLEVELAND BAR ASSOCIATION V. FOX.

[Cite as *Cleveland Bar Assn. v. Fox*, 1996-Ohio-250.]

*Attorneys at law—Misconduct—Indefinite suspension—Failure to preserve client's secrets or confidences—Acceptance of employment in which lawyer's own interest may impair professional judgment on behalf of client—Continuing multiple employment where independent judgment on any client's behalf may be adversely affected, without client's consent after full disclosure—Failure to cooperate in disciplinary investigation.*

(No. 95-2536—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-54.

———————————

{¶ 1} Relator, Cleveland Bar Association, filed a complaint with the Board of Commissioners on the Grievances and Discipline of the Supreme Court ("board"), charging respondent, Norman A. Fox, last known address in Fairview Park, Ohio, Attorney Registration No. 0013014, with violations of DR 4-101(B)(2) (failure to preserve client's secrets or confidences), 5-101 (acceptance of employment in which lawyer's own interest may impair professional judgment on behalf of client), and 5-105(B) (continuing multiple employment where independent judgment on any client's behalf may be adversely affected, without client's consent after full disclosure), and Gov.Bar R. V(4)(G) (duty to cooperate in investigation of alleged misconduct). The board served the complaint by certified mail at respondent's last known address, but respondent did not answer. A panel appointed by the board heard the matter on relator's motion for default, filed pursuant to Gov.Bar R. V(6)(F).

**{¶ 2}** Evidence submitted to support the motion for default established that Willard S. McCarley hired respondent in June 1988 to represent him in a personal injury action. McCarley had been injured in an automobile accident, as had his passenger, Scott DeFabbo, whom respondent also agreed to represent. McCarley's claim was referred to arbitration, from which he received an adverse verdict and appealed in May 1990. In June 1990, respondent moved to withdraw as McCarley's counsel and, while continuing to represent DeFabbo, requested permission to file a cross-claim against McCarley. McCarley accused respondent of having used information gained in confidence to advance DeFabbo's case.

**{¶ 3}** Evidence also established that respondent did not reply as requested to relator's June 30, 1990 correspondence or to its August 27, 1990 certified letter inquiring about McCarley's grievance. Respondent also did not respond to inquiries made by two investigators assigned by relator to look into McCarley's grievance.

**{¶ 4}** The panel granted the motion for default and found that respondent had violated DR 4-101(B)(2), 5-101, and 5-105(B), and Gov.Bar R. V(4)(G). The panel recommended that respondent receive a one-year suspension from the practice of law.

**{¶ 5}** The board agreed with the panel's findings of misconduct, but recommended that respondent's license be suspended indefinitely due to his "total failure to cooperate with the disciplinary process and in order to protect the public."

_____

*Ramsey, Caputo & Ramsey* and *Kenneth E. Ramsey*; *Lavelle & Lavelle* and *Neal Lavelle*, for relator.

_____

***Per Curiam.***

{¶ 6} Upon review of the record, we concur in the board's findings of misconduct and its recommended sanction. Respondent is hereby suspended indefinitely from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.

F.E. SWEENEY, J., not participating.

————————————